P/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GENNADIY M. DOMNISTER, *et al.*,

                       Plaintiffs,               **MEMORANDUM & ORDER**
                                                                 08-CV-0463 (NGG) (RML)
-against-

EXCLUSIVE AMBULETTE, INC., *et al.*,

                       Defendants.
-------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On May 21, 2008, this court granted Exclusive Defendants' motion for reconsideration in Case No. 03-CV-1666 (NGG). (Docket Entry # 89.) In that decision, I concluded based on the preemption doctrine of San Diego Bldg. Trade Council v. Garmon, 359 U.S. 236, 245 (1959), that the state-law claims the court had originally dismissed without prejudice should have been dismissed with prejudice because they were subject to the exclusive jurisdiction of the National Labor Relations Board ("NLRB").

While the motion for reconsideration was pending, Plaintiffs filed a lawsuit in state court, asserting the state-law claims the court had dismissed without prejudice. Defendants removed that action to federal court, which was docketed as the instant case, Case No. 08-CV-0463 (NGG). In my decision on Defendants' motion for reconsideration in 03-CV-1666, I alerted the parties to the court's view that Garmon preemption appeared to apply with equal force to the claims asserted in this case, which are identical to the state-law claims asserted in 03-CV-1666. Out of an abundance of caution, I invited letter briefs on whether the Complaint should be dismissed on Garmon preemption grounds.

1

Having reviewed the parties' submissions, I conclude that Garmon preemption applies to the pending claims for the same reasons stated in the court's May 21, 2008 Memorandum & Order in 03-CV-1666. Plaintiffs have offered no basis on which to distinguish the claims here from the state-law claims the court considered in that decision and instead raise the same arguments that the court considered and rejected there.

Accordingly, this case is dismissed because the court lacks subject-matter jurisdiction over the claims asserted in the Complaint.[1] See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The clerk of court is directed to close the case.

SO ORDERED.

Dated: July 31, 2008
Brooklyn, New York

s/Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge

---

[1] The court wishes to make clear that Plaintiffs' allegations of discrimination are troubling, to say the least. The court may not provide redress beyond its jurisdiction, however, and encourages Plaintiffs to pursue all means of redress available to them under the jurisdiction of the NLRB.

2